UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HUDSON,

                Plaintiff,

-against-

JUDGE PETER FORMAN; DUTCHESS
COUNTY CLERK; COUNTY OF DUTCHESS;
STATE OF NEW YORK STATE,

                Defendants.

19-CV-9637 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants have violated his rights under the Fourteenth Amendment. Plaintiff has had an ongoing real property dispute with his neighbor in Pine Plains, New York, for decades and has been involved in numerous civil and criminal proceedings in Dutchess County related to the property. Plaintiff has also repeatedly attempted to litigate this real property dispute in federal court and has been warned multiple times that judges are immune from suit for their legal decisions in matters pending before them.[1]

Plaintiff brings this suit against Judge Peter Forman; the Dutchess County Clerk; Dutchess County; and the State of New York. By order dated October 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

---

[1] *See, e.g.*, *Hudson v. Cnty. of Dutchess*, ECF 1:12-CV-5548, 165 (KMK) (S.D.N.Y. July 20, 2017) (dismissing remaining § 1983 claims against Dutchess County after allowing Plaintiff six opportunities to amend his complaint); *Hudson v. Cnty. of Dutchess*, ECF 1:18-CV-12194, 4 (CM) (abstaining under the *Younger* abstention doctrine from hearing Plaintiff's claims seeking intervention in his pending criminal matter, and dismissing claims against Dutchess County, Judges McLoughlin and Warhit, Dutchess County Clerk Kendall, and the Dutchess County District Attorney).

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and citations omitted) (emphasis original).

**BACKGROUND**

The following facts can be ascertained from Plaintiff Robert Hudson's 314-page complaint. In 1979, Plaintiff purchased real property in Pine Plains, New York, at a "Dutchess County Delinquent Tax Land Sale." (Compl., ECF No. 2, 6.) For decades, Plaintiff used a road across the property of his neighbors, the Varneys, to access his property. At the time Plaintiff filed this complaint, he faced criminal charges for allegedly having destroyed a fence that the Varneys had installed across the road that Plaintiff had been using.

In 1984, Carleton Varney sued Plaintiff for "trespass and causing a fire." (*Id.* at 1.) Although Plaintiff's complaint is not entirely clear, he seems to allege that the New York State Department of Environmental Conservation (DEC) used a bulldozer on the Varney property to allow firefighters to reach Plaintiff's land. According to a court order attached to Plaintiff's complaint, Judge Beisner rejected Plaintiff's easement claim in the 1984 action, *Varney v. Hudson*, Index No. 2300/1984, and granted the Varneys' application to permanently enjoin Plaintiff from trespassing on their property.

The same court order sets out the following history, paraphrased here:

On August 16, 1989, Town Judge George Tenore found Plaintiff guilty of trespass and admonished him to strictly adhere to the December 21, 1984 order enjoining him from trespassing on the Varney property.

Six months later, on October 26, 1989, Plaintiff was again charged with trespass and related crimes. Plaintiff argued that he was entitled to an easement based on the original "nine partners" land grant, which had issued in the 1700s. The prosecutor introduced public records and expert testimony refuting the claim, and the jury convicted Plaintiff. On June 6, 1990, Judge Tenore imposed a three-year sentence of probation, with a special condition that Plaintiff was prohibited from trespassing.

On August 31, 1990, Plaintiff commenced an action, *Hudson v. Varney*, Index No. 3717/1990, seeking a declaration that he benefitted from an easement. On June 18, 1991, Judge Jiudice granted the Varney family's motion to dismiss, holding that *res judicata* and collateral estoppel barred Plaintiff from relitigating his easement claim. The Appellate Division affirmed. *Hudson v. Varney*, 196 A.D.2d 856 (2d Dept. 1993).

Plaintiff continued to be arrested for trespassing on the Varney property. In 2017, Plaintiff was convicted in the Town of Amenia, Town Court of criminal trespass in the third degree.

On March 2, 2017, Plaintiff filed an application to establish a private road across the Varney property, pursuant to Highway Law § 300's private condemnation provisions.

On May 15, 2017, Town Judge Norman Moore sentenced Plaintiff to 90 days' incarceration and issued a final order of protection prohibiting Plaintiff from entering the Varney property.

On July 2, 2018, the N.Y. Supreme Court, Dutchess County, denied Plaintiff's petition for a writ of mandamus to require the Town of Pine Plains to grant his private road petition.

(ECF No. 2, 42-45.)

Plaintiff names the County of Dutchess in this suit, arguing that on an unspecified date, it "placed [Plaintiff's] road over the Varney property in a conservation easement in order to extinguish [Plaintiff's] right to estate in fee." (*Id.* at 3.) "The Dutchess County Clerk destroyed [Plaintiff's] . . appeal" (*id.*), and "took pages and documents out of" his petition (*id.* at 6). The Appellate Division, Second Department, "would not allow the record to be reviewed because the record was not certified by the Dutchess County Clerk." (*Id.*) An "assistant clerk of the County

of Dutchess stated to Robert Hudson that they never certify any record to the Appellate Division Second Department because the certifications and stamps upon the record speak for themselves." (*Id.*)

Dutchess County Court Judge Peter Forman, in addition to presiding over some of Plaintiff's civil actions, has presided over some of the past and current misdemeanor and felony criminal charges against Plaintiff in connection with the property. In the pending criminal action, *People v. Hudson*, No. 00136/2018, Plaintiff sought to have Judge Forman recuse himself and to have the public defender "removed." Plaintiff contends that his motion to disqualify the judge and public defender was "properly submitted to the Appellate Division, Second Department," but it "never reviewed" his petition. (*Id.*)

Plaintiff alleges that he had a jury trial scheduled for October 21, 2019, that is, within a few days after the date that Plaintiff filed the complaint.[2] Plaintiff seems to argue that his appointed counsel, Thomas Angell, refused to subpoena the witnesses that Plaintiff requested or refused to allow Plaintiff to confront them, or to permit him to make his own opening statement or summation. Plaintiff had a mental health assessment, and he alleges that it was determined that he is "capable of understanding courtroom procedures." (*Id.* at 3.)[3]

---

[2] According to public records of the New York State Unified Court System, on October 23, 2019, in *People v. Hudson*, No. 00136/2018, a jury found Plaintiff guilty of criminal mischief in the second degree, and several counts of criminal contempt in the first and second degrees; Plaintiff was released on his own recognizance and is scheduled for sentencing on December 13, 2019.

[3] Plaintiff does not appear to name any defendants or request any relief in connection with his criminal proceedings, and he seeks only damages. Even if Plaintiff were seeking some relief in his criminal matter, as the Court notified Plaintiff in *Hudson v. Cnty. of Dutchess*, ECF 1:18-CV-12194, 4 (CM) (S.D.N.Y. Feb. 18, 2019), generally, "a federal court may not enjoin a pending state criminal proceeding." *Younger v. Harris*, 401 U.S. 37 (1971). The Court therefore abstains from hearing or adjudicating any claims relating to Plaintiff's criminal proceedings, in which it appears that he is awaiting sentencing.

Plaintiff sues Judge Peter Forman; the Dutchess County Clerk; Dutchess County; and the State of New York, for violating his rights under the Fourteenth Amendment, and he seeks $1.5 million in damages.

## DISCUSSION

**A.    Judicial Immunity**

As Plaintiff has repeatedly been advised, judges are absolutely immune from suit under § 1983 for damages for any of their actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks and citation omitted).

Plaintiff's § 1983 claims against Judge Forman arise from Judge Forman's decisions while presiding over Plaintiff's state-court criminal and civil actions. Judge Forman's decisions are judicial acts for which he is immune from suit under § 1983. Plaintiff's claims against Judge Forman must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

**B.    Court Clerk**

Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to

5

expand the record on appeal); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 526 (E.D.N.Y. 2010) ("Clerk's Office activities of filing and docketing legal documents" are an "integral part of the judicial process" and are generally entitled to absolute immunity); *Pikulin v. Gonzales*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y Apr. 5, 2007) (extending judicial immunity to the federal court clerk with respect to claims arising out of the filing and docketing of legal documents).

Here, Plaintiff asserts claims against the Dutchess County Clerk because "[t]he Appellate Division, Second Judicial Department . . . would not allow the record to be reviewed because the record was not certified by the Dutchess County Clerk." (Compl. at 4.) Plaintiff further alleges that an Assistant Clerk explained to him "that they never certify any record to the Appellate Division Second Department because the certifications and stamps upon the record speak for themselves." (Compl. at 4.) Even when performing an administrative task, court clerks are entitled to immunity for harm caused by action undertaken "pursuant to the explicit direction of a judicial officer," or court policy. *Rodriguez*, 116 F.3d at 67. The Dutchess County Clerk is thus entitled to absolute judicial immunity for following court procedure regarding certification of the record for appeal.

Moreover, Plaintiff has previously brought the same or similar claims, which have been rejected. *See Hudson v. Dutchess Cnty. Court Judge Peter Forman*, ECF 7:19-CV-1830, 20 (CS) (S.D.N.Y. Apr. 8, 2019) (holding that Dutchess County Court clerk's "alleged refusal to issue Plaintiff a summons and to certify Plaintiff's record on appeal" fell "within the scope of judicial

responsibilities [and he] is therefore immune from suit under § 1983").[4] The Court therefore dismisses Plaintiff's claims against the Dutchess County Clerk. 28 U.S.C. § 1915(e)(2)(B)(iii).

C.     **Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotations and citation omitted, second alteration in original). This immunity shields States from claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity for claims under § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's § 1983 claims against the State of New York under the doctrine of Eleventh Amendment immunity.[5]

---

[4] In *Hudson*, ECF 7:19-CV-1830, 20 (CS), the Court dismissed Plaintiff's claim against the Dutchess County Clerk, and here Plaintiff brings the same claim against the Assistant Clerk. Plaintiff cannot relitigate his claims by bringing them in this action against an Assistant Clerk who explained to him "that they never certify any record to the Appellate Division Second Department because the certifications and stamps upon the record speak for themselves." (Compl. at 4.)

[5] *See also Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that the Appellate Division, Second Department is not a "person" for the purpose of § 1983 liability); *see generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

**D.      Dutchess County**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

It is unclear what, if anything, Plaintiff is alleging that the County of Dutchess did or failed to do that violated his rights under federal law. Plaintiff alleges in the complaint that the County of Dutchess "placed [Plaintiff's] road over the Varney property in a conservation easement to extinguish [Plaintiff's] right to estate in fee." (*Id.* at 3.)  This could be liberally construed as a claim that the County of Dutchess extinguished Plaintiff's property rights in a road over the Varneys' land, in violation of the Takings Clause of the Fifth Amendment, without just compensation.

The Takings Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, states that no "private property [shall] be taken for public use, without just compensation." U.S. CONST. amend. V. "[A] property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it." *Knick v. Township of Scott, PA*, 139 S. Ct. 2162, 2170 (2019) (holding that *Williamson Cnty. Reg. Planning Comm. v. Hamilton Bank*, which required property owners to exhaust state court remedies to ripen federal takings claims, is overruled.). The Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be

available to the property owner. *Id.* (relying on *Jacobs v. United States*, 290 U.S. 13 (1933) (holding that property owner found to have a valid takings claim is entitled to compensation as if it had been "paid contemporaneously with the taking").

Plaintiff's complaint, however, does not state a claim that he has a recognized property interest that was extinguished. Instead, Plaintiff's allegations show that his claim seeking to establish that he had a property interest in an easement has never been accepted and was resolved against him as early as 1984, not long after he purchased the property at a tax sale. Because Plaintiff cannot allege that he ever had a recognized property interest, he cannot state a claim that he had a property interest that was extinguished without just compensation.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). As set forth below, it would be futile to grant Plaintiff leave to amend to replead his claims because claim preclusion bars him from relitigating them.

Claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation

marks and citations omitted). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). Claim preclusion is an affirmative defense that must be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), but the Court may raise claim preclusion on its own initiative. *See, e.g.*, *Scherer v. Equitable Assurance Soc' y of the United States*, 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this circuit that certain affirmative defenses, including *res judicata*, may be raised *sua sponte*.").

### 1. Claim Regarding Easement

Here, Plaintiff asserts the same claim of right to an easement over the Varney land that has been resolved adversely to him in state court proceedings. The Appellate Division, Second Department, has already explained to Plaintiff in *Hudson v. Varney*, 196 A.D.2d 856 (1993), that because a jury has already considered whether he derived an easement from the original land grant and resolved the issue against him, the doctrine of *res judicata* prevents him from relitigating this claim.

### 2. Claim Against Dutchess County Clerk

Plaintiff has also previously litigated his claim that the Dutchess County Clerk failed to certify his documents, allegedly prejudicing his appeal from the denial of his petition for a writ of mandamus to compel the Town of Pine Plains to hold a jury trial on his application for a private road. *See Hudson v. Forman*, ECF 1:19-CV-1830, 20 (CS) (S.D.N.Y. Apr. 8, 2019) (order dismissing amended complaint). The Court resolved the same claims that Plaintiff now raises, between the same parties, in a final judgment on the merits, after Plaintiff had an

opportunity to amend his petition. The doctrine of claim preclusion thus prevents Plaintiff from relitigating these claims.

It would be futile to grant Plaintiff leave to replead these claims because the Court would nevertheless be required to dismiss these claims under the doctrine of claim preclusion. *See Scherer*, 347 F.3d at 400; *Baker v. Supreme Court of New York*, No. 12-CV-5757, 2013 WL 372005, at *2 (E.D.N.Y. Jan. 29, 2013) (dismissing *pro se* action *sua sponte* "on the basis of *res judicata* as frivolous"). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

Plaintiff is warned that further repetitive and vexatious litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 22, 2019
 New York, New York

COLLEEN McMAHON
Chief United States District Judge